JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 15-1307 PA<br>US Bankruptcy Court 6:15-bk-14982-MH | Date | October 7, 2015 |
|---|---|---|---|
| Title | In re: Ismael Ramirez | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

      On June 29, 2015, appellant Ismael Ramirez ("Appellant") filed a Notice of Appeal challenging an Order issued in the United States Bankruptcy Court for the Central District of California.  Appellant filed an Amended Notice of Appeal on June 30, 2015, that contained a Statement of Election to Transfer Appeal to the District Court.  The action was then assigned to this Court, and the Court issued a Notice Regarding Appeal from Bankruptcy Court on July 2, 2015.

      The Notice Regarding Appeal from Bankruptcy Court cautioned the parties that they must comply with all applicable rules of the Federal Rules of Bankruptcy Procedure, and that, as provided in those Rules, Appellant was required, within 14 days of filing the Notice of Appeal, to file with the Clerk of the Bankruptcy Court:  (1) a designation of record; (2) a statement of issues on appeal; and (3) a notice regarding the ordering of transcripts.  The Notice of Appeal from Bankruptcy Court warns the parties that the "failure of either party to comply with the time requirements as stated in this notice and applicable rules may result in the dismissal of the appeal or the right to oppose the appeal."

      Appellant did not timely file the required documents and the Court, on its own motion, issued an order providing Appellant with additional time to file the required documents and warning that the appeal could be dismissed if Appellant did not file the documents within the time allowed by the Court.  Appellant filed the documents and the Court issued a Certificate of Readiness on August 27, 2015.  The Court additionally set a briefing schedule on August 27, 2015, requiring that Appellant's Opening Brief and Excerpts of Record be filed and served by September 10, 2015.  On September 18, 2015, Appellant had not filed the Opening Brief and Excerpts of Record despite the deadline to do so having expired more than a week earlier.  Nor had Appellant requested additional time to file the required documents.  Nevertheless, the Court, on its own motion, continued Appellant's deadline for filing his Opening Brief and Excerpts of Record to October 5, 2015.  The Court warned Appellant that his failure to file the Opening Brief and Excerpts of Record by that date may result in the dismissal of his appeal for failure to prosecute without further warning.  Despite the expiration of that deadline, Appellant has still failed to file his Opening Brief and Excerpts of Record.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-1307 PA<br>US Bankruptcy Court 6:15-bk-14982-MH | Date | October 7, 2015 |
|---|---|---|---|
| Title | In re: Ismael Ramirez | | |

It is well-established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or abide by clear orders of the Court. See, e.g., Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." Id. (citing Ferdik, 963 F.2d at 1263).

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id.

The third Henderson factor at least marginally favors dismissal. Appellee may be further prejudiced unless the appeal is dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

In considering the fourth and fifth Henderson factors, the Court notes despite being clearly notified of the requirements for prosecuting a bankruptcy appeal – and the consequences for failing to do so – Appellant has failed to satisfy those requirements. Additionally, although the Court has considered lesser alternatives to dismissal of this appeal, Appellant's history of failing to comply with deadlines and and not requesting extensions of time, supports the conclusion that there is no other lesser sanction or remedy that will motivate Appellant to prosecute this appeal in a timely and satisfactory manner. Accordingly, the fifth Henderson factor favors dismissal. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

Taking all of the above factors into account, the Court dismisses this appeal.

IT IS SO ORDERED.

**cc: Bankruptcy Court**